IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HENRY LEGGETT,

    Petitioner,                              No. 2:12-cv-2915-EFB P

    vs.

GARY SWARTHOUT,                        ORDER

    Respondent.
_____/

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the decision of the California Board of Parole Hearings ("Board") to deny him parole at a parole consideration hearing held on June 3, 2010. Petitioner claims that the Board's 2010 decision was unconstitutional because there is no evidence that petitioner poses an unreasonable risk to society. Pet. 20. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

        Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request will be granted. *See* 28 U.S.C. § 1915(a). However, for the reasons explained below, the court finds that petitioner's application for a writ of habeas corpus

1

must be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

Petitioner alleges that the Board's decision that petitioner was unsuitable for parole was unconstitutional because there was no evidence that petitioner posed an unreasonable risk to society. Pet. 20. Petitioner contends that the Board denied him parole based on his present and past attitude towards his commitment offense. *Id*. at 17-19. He argues that this reason is insufficient because he is not eligible for psychological counseling and there is no evidence that he poses a threat to society. *Id*. at 17-20. His argument reduces to the contention that the Board's decision violates his federal due process rights because it was not supported by some evidence of his current dangerousness. Under California law, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002). According to the United States Supreme Court, however, federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 862 (2011). In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id*. at 862-63 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Thus, this court may not review whether the Board correctly applied California's "some evidence" standard. *Id.* at 862.

Petitioner does not allege that he was not afforded constitutionally adequate process as defined in *Swarthout*--that is, that he was denied a meaningful opportunity to be heard or a statement of reasons why the Board denied him parole. Rather, it appears from the petition that petitioner was given the opportunity to be heard at his 2010 parole suitability hearing and

received a statement of the reasons why parole was denied. *See* Pet. 44-161 (noting both petitioner's participation in the hearing and the Board's reasons for denying parole). This is all that due process requires. *Swarthout*, 131 S.Ct. at 862-63. Petitioner's contention that the reasons provided were insufficient to satisfy California's "some evidence" does not provide a basis for relief. Accordingly, petitioner is not entitled to relief on this claim.

Based on the foregoing, the court concludes that the petition should be summarily dismissed for failure to state a cognizable claim. There is no basis for concluding that a tenable claim for relief could be pleaded if leave to amend were granted. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

Accordingly, it is hereby ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted;

2. Petitioner's application for a writ of habeas corpus is dismissed;

3. The Clerk of the Court is directed to close the case; and

4. The Court declines to issue a certificate of appealability.

DATED: July 30, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE